Ory Cross (250471)
Valor Legal, PC
2010 Crow Canyon Pl, Ste 100
San Ramon, California 94583
Tel: (415) 545-8394
Email: ocross@valorlegal.com

Attorneys for Defendant
T And S DVBE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiff<br><br>v.<br><br>T AND S DVBE, INC., a California Corporation,<br><br>Defendant. | Case No. 3:21-cv-05582<br><br>**ANSWER OF DEFENDANT T AND S DVBE, INC.** |

1. Defendant T AND S DVBE, INC. (the "Defendant") submits its Answer to the "Complaint" filed by Plaintiff THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS

TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, (the "Plaintiff"), as follows:

## I. INTRODUCTION

2. In response to Paragraph 1 of the Complaint, Defendant admits that this action was commenced by Plaintiff, and further admits that, through this action, Plaintiff seeks to collect monies it claims are owed, pursuant to Section 502 of the Employee Retirement Income Security Act, as amended (ERISA), 29 U.S.C§1132, and section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.  Defendant does not dispute that monies are owed, rather it is the amount of monies owed and the tabulation method used (as it applies to large category of workers) that are in dispute.

## II. JURISDICTION AND VENUE

3. In response to Paragraph 1 of the Complaint, Defendant admits the allegations and averments contained in Paragraph 1.

## III.  INTRADISTRICT ASSIGNMENT

4. Defendant admits the allegations and averments contained in Paragraph 1 of the Complaint.

## VI.  ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

5. Defendant admits the allegations and averments contained in Paragraph 2 of the Complaint.

6. Defendant admits the allegations and averments contained in Paragraph 3 of the Complaint.

7.  Defendant admits the allegations and averments contained in Paragraph 4 of the Complaint.

8. Defendant admits the allegations and averments contained in Paragraph 5 of the Complaint.

## V.  First Claim For Relief, Breach of Contract Claim

9. Defendant reincorporates by reference its responses herein to Plaintiff's allegations contained by reference in Paragraph 6 of the Complaint.

10. Defendant admits the allegations and averments contained in Paragraph 7 of the Complaint to the extent Plaintiff conducted an audit, and reached its conclusion regarding monies owed to it. As to the accuracy of said audit, Defendant lacks knowledge or information sufficient to form a belief as to the final accuracy of said audit, and on that basis denies such allegations.

11. Defendant admits the allegations and averments contained in Paragraph 8 to the extent Plaintiff conducted an audit, and reached its conclusion regarding monies owed to it and made a written demand to Plaintiff.  As to the accuracy of said audit, Defendant lacks knowledge or information sufficient to form a belief as to the final accuracy of said audit, and on that basis denies such allegations.

### VI.  Second Claim For Relief, Actual Damages for Breach of Contract Claim

12. Defendant reincorporates by reference its responses herein to Plaintiff's allegations contained by reference in Paragraph 9 of the Complaint.

13. Defendant admits the allegations and averments contained in Paragraph 10 of the Complaint, but denies that Plaintiff's audit is entirely accurate.  Given the large amount of employees and length of years at issue, Plaintiff's audit has produced a higher number than Defendant believes is owed.  Defendant lacks knowledge or information sufficient to form a belief as to the final accuracy of said audit, and on that basis denies such allegations.

### VII.  Third Claim For Relief, Audit

14. Defendant reincorporates by reference its responses herein to Plaintiff's allegations contained by reference in Paragraph 11 of the Complaint.

15. Defendant admits the allegations and averments contained in Paragraph 12 of the Complaint, but denies that Plaintiff's audit is entirely accurate.  Given the large amount of employees and length of years at issue, Plaintiff's audit has produced a higher number than Defendant believes is owed.  Defendant lacks knowledge or information sufficient to form a belief as to the final accuracy of said audit, and on that basis denies such allegations.

## VIII.  Affirmative Defenses

16. AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges the Complaint fails to state a claim against Defendant upon which the relief can be granted.

17. AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff is barred in part or in whole by the applicable statute(s) of limitations.

18. AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff are estopped from alleging the matters set forth in said Complaint.

## IX. Prayer For Relief

WHEREFORE, Defendant requests relief as follows:

1. That the Plaintiff takes nothing by the Complaint;
2. For the costs of suit herein, including any reasonable attorneys' fees permitted under applicable law; and
3. For such other further relief as this Court may deem proper.

Dated: August 16, 2021                                         Respectfully Submitted,


 /s/ *Ory Cross*
By: Valor Legal, P.C.
Ory Cross
Attorneys for Defendant
T AND S DVBE, INC.